ʋᵖ
DIS/BEF: USAO 2014R00297

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** |
| | * | **TDC 17cr169** |
| **GRIGORY TROSMAN,** | * | **(Conspiracy, 18 U.S.C. § 371;** |
| | * | **Bribery, 18 U.S.C. §§ 201(b)(2)(A)** |
| **Defendant** | * | **and (C); Aiding and Abetting,** |
| | * | **18 U.S.C. § 2)** |
| | * | |

*******

### INFORMATION

### COUNT ONE
### (Conspiracy)

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

1.    Defendant **GRIGORY TROSMAN ("TROSMAN")** was an employee of the

United States Department of Energy ("DOE"), working as a Program Manager at a DOE

headquarters facility in Germantown, Maryland. In his position as a Program Manager,

**TROSMAN** had specific duties, responsibilities, oversight, and influence related to DOE

programs and funding on international nuclear safety programs—including programs related to

United States financial and technological support for nuclear reactors in Ukraine.

2.    **TROSMAN** was a naturalized United States citizen from Ukraine who lived in

Damascus, Maryland.

3.    Company A was a DOE contractor specializing in supplying equipment to nuclear

power plants in the United States and abroad. Company A conducted business for and with the

DOE both in the United States and internationally, including projects in Lithuania, Ukraine, and Russia. Prior to 2006, Company A was a subsidiary of a foreign-owned corporation and was known by a different name, but remained under the leadership of Co-conspirator 1. Company A received at least $3 million in domestic contracts from federal sources, including DOE, between 2001 and 2013.

4.      Co-conspirator 1 was a United States citizen and the President of Company A.

5.      Company B was a Ukraine-based technology company servicing the nuclear power industry and energy sector, principally in Ukraine, but also in other international locations (including France and Germany), and operated under the leadership of Co-conspirator 2.

6.      Co-conspirator 2 was a Ukrainian citizen and the President of Company B. Co-conspirator 2 also was a relative of Co-conspirator 3.

7.      Co-conspirator 3 was a naturalized United States citizen from Ukraine and the President of Company C. Co-conspirator 3 performed work as a commercial contractor in the computer-services sector.

8.      Company C was a computer services company owned and operated by Co-conspirator 3 doing business in New Jersey and with international locations, including in Ukraine.

9.      Co-conspirator 4 was a naturalized United States citizen from Ukraine, who, until approximately July 2014, worked for a United States government contractor performing contract work for various government agencies in the Washington, D.C. area.

10.     Co-conspirator 5 was a Ukrainian citizen who served as the Department Head in the Department of Nuclear Physics at Kiev State University in Ukraine. By the nature of his/her position, Co-conspirator 5 had significant access to the Ukrainian nuclear community. Co-

Conspirator 5 also conducted contract work in Ukraine and Armenia for the DOE.

11.     Co-conspirator 6 was a Ukrainian citizen who performed work for the DOE as a contractor in Ukraine, including for the DOE's Pacific Northwest Nuclear Laboratory.

## The Conspiracy and its Objects

12.     From in or about 2004 through in or about March 2014, in the District of Maryland and elsewhere, the defendant,

### GRIGORIY TROSMAN,

being a public official, did knowingly and willfully conspire, confederate, and agree with others known and unknown to the United States Attorney to commit offenses against the United States, that is, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept things of value, in return for being influenced in the performance of his official duties; and conspired with others to do so, in violation of 18 U.S.C. §§ 201(b)(2)(A) and (c)(1)(B).

## Objects of the Conspiracy

13.     It was an object of the conspiracy that **TROSMAN**, as a public official, would enrich himself and others by demanding, receiving, and accepting things of value in exchange for official acts, including obtaining DOE contracts for Company A and other co-conspirators.

14.     It was further an object of the conspiracy that **TROSMAN** would accept bribes and other things of value that were paid through intermediaries to conceal that such things of value were paid.

3

## Manner and Means of the Conspiracy

15.     The conspiracy was carried out through the following manner and means, among others:

a.     It was part of the conspiracy that **TROSMAN** initiated relationships with various companies, including Company A, and brokered relationships with and among other co-conspirators, including Co-conspirators 1 and 2.

b.     It was further part of the conspiracy that **TROSMAN** used his official position, including sending both official and private e-mail communications from his home and work locations in the District of Maryland to DOE and foreign officials, in order to assist co-conspirators (including Co-conspirator 1 and Company A) with, among other things, obtaining DOE contracts.

c.     It was further part of the conspiracy that **TROSMAN** took specific official actions, such as (i) assisting Company A with obtaining Export and Import Bank support and (ii) promoting Company A's technologies to Ukrainian energy officials, in order to obtain things of value.

d.     It was further part of the conspiracy that **TROSMAN** solicited cash payments and other things of value in exchange for acts taken in his official DOE capacity.

e.     It was further part of the conspiracy that **TROSMAN** and other co-conspirators took steps to disguise their corrupt relationship, including, but not limited to, using intermediaries to deliver cash payments to **TROSMAN**.

4

## Overt Acts

6.    In furtherance of the conspiracy and to achieve its objects, the defendant and his

co-conspirators committed the following overt acts, among others, in the District of Maryland

and elsewhere.

a.    In or about June 2013, **TROSMAN** met with Co-conspirator 5 and asked

Co-conspirator 5 to obtain a $25,000,000 contract from the Ukrainian Government to support the

development of Dynamic Natural Convection ("DNC") cooling technology by Company A.

b.    On or about September 16, 2013, **TROSMAN** authored a letter for Co-

conspirator 1 to sign (using Co-conspirator 1's official title and Company A letterhead), inviting

**TROSMAN**'s wife to the United States from Ukraine for a period of approximately five months,

purportedly to conduct "compatibility analysis" between Company A radioactive waste

technology and Ukrainian nuclear power plant systems.

c.    In or about October 2013, **TROSMAN** met with an official of Company

A at **TROSMAN**'s home in Damascus, Maryland to discuss Company A's DNC technology and

how **TROSMAN** could assist Company A with promoting this technology.

d.    In or about November 2013, **TROSMAN** met with Co-conspirator 1 at a

hotel in Gaithersburg, Maryland to discuss Company A's DNC technology and how **TROSMAN**

could assist Company A with promoting this technology.

e.    In or about January 2014, **TROSMAN** received at his home in Damascus,

Maryland via the United States mail a check for $5,250, written by Co-conspirator 3 from an

account in the name of Co-conspirator 3's wife, which was then deposited into a bank account

controlled by **TROSMAN**.

18 U.S.C. § 371

## COUNT TWO
### (Bribery)

The United States Attorney further charges that:

1.      Paragraphs 1 through 11 and 13 through 15 of Count One are incorporated here.

2.      In or about January 2014, in the District of Maryland and elsewhere, the defendant,

### GRIGORY TROSMAN,

directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to accept

something of value, to wit, a check for $5,250, written by a contractor in Ukraine from an

account in the name of Co-conspirator 3's wife, with the corrupt intent to be influenced in the

performance of an official act, and to be induced to do and omit to do any act in violation of the

defendant's lawful duty, to wit, to promote Co-conspirator 2's interests in obtaining DOE

contracts in Ukraine.


18 U.S.C. § 201(b)(2)(A) and (C)
18 U.S.C. § 2

Rod J. Rosenstein
United States Attorney


Date:  March 27, 2017